United States District Court
Southern District of Texas
**ENTERED**
December 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH M.,[1] § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Case No. 4:20-CV-01227 | |
| § | | |
| KILOLO KIJAKAZI,[2] § | | |
| Acting Commissioner of Social § | | |
| Security, § | | |
| § | | |
| *Defendant*. § | | |

## MEMORANDUM AND ORDER

Plaintiff seeks to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.'s Mot., ECF No. 23. Because the Court granted Plaintiff's motion for summary judgment, ECF No. 19, and remanded this case to the Commissioner for reconsideration, ECF Nos. 21, Plaintiff is the prevailing party. The Court finds that Plaintiff's counsel's request for fees is

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] The suit was originally filed against Andrew Saul, the then-Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been automatically substituted as Defendant.

1

reasonable, and Defendant does not oppose the motion. Therefore, Plaintiff's motion should be granted.

## I. LEGAL STANDARD FOR THE EAJA

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r Soc. Sec. Admin.*, No. 6:16-CV-00210, 2017 WL 4417682, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the Court finds the position of the Government was not substantially justified, and (4) no special circumstances make the award unjust. *Reese v. Saul*, No. 4:19-CV-27872, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

The Court previously found that ALJ did not fulfill his obligation to develop a full and fair record because he based his decision on a DOT provision that did not exist. ECF No. 21 at 23. The Court reversed and remanded. *Id.* The claimant is a

prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g).[3] *Shalala v. Shaefer*, 509 U.S. 292, 299-301 (1993); *Mathews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, he timely[4] filed his motion for attorney's fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

## II.   ANALYSIS

Plaintiff's counsel seeks an award of $7,812. He submitted evidence supporting an hourly rate of $201.60 for 38.75 hours worked in 2020 and 2021. ECF No. 23 at 3; ECF No. 23-1.[5] The Commissioner's counsel has not filed a response, and therefore is deemed unopposed to the relief requested. Local Court Rule 7.4.

---

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

[4] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek and EAJA award of fees. In this case, the Court issued a judgment on September 2, 2021, ECF No. 22, which became final sixty days later, on November 1, 2021. Plaintiff had thirty days from November 1, 2021, to file his motion for attorney's fees. Plaintiff filed his motion on September 15, 2021, and thus the motion is timely. ECF No. 23.

[5] Plaintiff's itemized statement shows that Plaintiff's counsel worked 11.2 hours in 2020 and 27.55 hours in 2021. ECF No. 23-1 at 1-3.

Nonetheless, the court must determine whether the fee is reasonable, requiring an examination of the hours worked and the rate sought. *Matthews*, 2020 WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in cases of this kind, fee applications range from twenty to forty hours. *Id*. Plaintiff's counsel claims 38.75 hours, which is within the typical range of hours for this type of case. Having reviewed the record in this case, the Court finds that the number of hours sought is reasonable and supported.

Counsel's hourly rate is higher than the statutory hourly rate of $125,[6] requiring a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion in calculating any increase in the hourly rate. *Matthews*, 2020 WL 242487, at *2.

Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g., Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F.Supp.2d at 634 (collecting cases). Based on the region where services were performed, the court will use the average annual CPI for the year the last time the hourly rate changed as a base hourly rate, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F.Supp.2d at 634; *accord Perales*, 950 F.2d at 1079

---

[6] The EAJA dictates that attorney's fees not to be awarded in excess of $125 per hour, unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

(instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Here, Plaintiff's counsel practices in Houston and is claiming fees for work performed in 2020 and 2021. The hourly rate last changed in 1996; at that time, the CPI for Houston-Galveston-Brazoria, TX and was 142.7. Based on the case law, the Court calculates the hourly rates for 2020 and 2021 as follows:

- In 2020, the CPI for Houston-Galveston-Brazoria, Texas was 229.161. The percentage difference between 1996 and 2020 is 160.589% (229.161/142.7). Therefore, the hourly rate for 2020 is $200.74 (160.589% x 125).

- In 2021, the CPI for Houston-Galveston-Brazoria, Texas was 243.813.[7] The percentage difference between 1996 and 2021 is 170.857% (243.813/142.7). Therefore, the hourly rate for 2021 is $213.57 (170.857% x 125).

---

[7] Only data through October 2021 is available.

Using these calculated hourly rates, the Court determines the appropriate fee for the hours Plaintiff's counsel worked. In 2020, Plaintiff's attorney worked 11.2 hours; and at $200.74 per hour, his fee is $2,248.29. In 2021, he worked 27.55 hours; and at $213.57 per hour, his fee is $5,883.85. The sum of the 2020 and 2021 fees is $8,132.14.

Plaintiff came to a slightly lower calculation, $7,812, without explaining how he calculated the CPI adjustments. ECF No. 23 at 3. To promote uniformity in the division, the Court uses the rates as calculated. *Mesecher v. Berryhill*, No. 4:15-CV-0859, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) ("Use of such data promotes fee rates that are uniform within a particular district court division." (internal citations omitted)); *e.g., Norma Jane T. v. Saul,* No. 4:19-CV-3320, 2021 WL 965910, at 3 (the court determined the 2020 hourly rate for Houston was $200.75).

The Court finds that a fee of $8,132.14 is reasonable for 38.75 hours worked. *See Burkhart v. Saul*, No. 2:20-CV-155, 2021 WL 5154786, at *3 (S.D. Tex. Aug. 2, 2021) (approving $8,456.32 in fees for 42.2 hours in attorney time and other fees).

### III. CONCLUSION

The Court **ORDERS** that Plaintiff's motion for attorney's fees, ECF No. 23, is **GRANTED**; and Defendant is **ORDERED** to pay $8,132.14 pursuant to the Equal Access to Justice Act to Plaintiff directly.

Signed at Houston, Texas, on December 7, 2021.

                                                 **Dena Hanovice Palermo**
                                                 **United States Magistrate Judge**